IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:09CR5** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **EDGAR E. BRACAMONTES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 37) issued by Magistrate Judge Thomas D. Thalken recommending that the motion to suppress (Filing No. 29) filed by the Defendant, Edgar E. Bracamontes, be denied. The Defendant filed a statement of objections to the Report and Recommendation (Filing No. 41) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a). However, although the objections set out the defense's arguments, no legal basis for any of the objections was provided. NECrimR 57.3(a).

Bracamontes is charged in a two-count Indictment with possessing 500 grams or more of a mixture or substance containing a detectable amount of cocaine with intent to distribute (Count I) and criminal forfeiture (Count II). (Filing No. 1.) Bracamontes seeks the suppression of evidence obtained as a result of his December 30, 2008, traffic stop.

Following an evidentiary hearing, Judge Thalken issued oral findings of fact and conclusions of law and a brief Report and Recommendation. (Filing No. 37.) Judge Thalken concluded: probable cause existed for the traffic stop; Bracamontes's detention after the conclusion of the traffic stop was a de minimis intrusion into his Fourth Amendment rights; the Defendant's statements regarding his possession of cocaine in the car made during the canine sniff were voluntary; once Bracamontes told the officer that he

had cocaine in the car, probable cause existed for the vehicle search; the search of the car at the impound lot was legal under the automobile exception. Judge Thalken therefore recommended that the motion to suppress be denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Thalken provided a detailed account of the events surrounding the stop, detention and search. The Court has considered the transcript of the hearing conducted by Judge Thalken. (Filing No. 40.) The Court also carefully viewed the evidence. (Filing No. 36.) Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Thalken's factual findings in their entirety.

Briefly, Omaha Police Officer Aaron Hanson stopped the Defendant's vehicle, a Crown Victoria, for following too closely. Bracamontes did not have a driver's license. The vehicle had been newly purchased and Bracamontes's ignition key was a single key as opposed to a number of keys on a ring. Bracamontes and his wife gave conflicting stories regarding their trip. After the traffic stop, Bracamontes declined to allow Officer Hanson search the car. Officer Hanson then began a canine sniff of the car. However, before Officer Hanson actually deployed the dog, Bracamontes admitted he had "personal use" cocaine in the compartment between the driver and passenger seats. Hanson then

searched the car, found cocaine inconsistent with personal use, and arrested Bracamontes. The car was taken to the impound lot for a more thorough search that revealed more cocaine as well as currency.

## ANALYSIS

Bracamontes objects to the following portions of the Report and Recommendation: Officer Hanson had a reasonable basis to detain Bracamontes after the traffic stop; the detention for the canine sniff violated Bracamontes's rights; it was not reasonable for Bracamontes to think that Officer Hanson was not searching his car upon opening the driver's door;[1] Bracamontes was not detained when Officer Hanson returned his paperwork; and Bracamontes voluntarily told Officer Hanson that he had cocaine in the car.  No legal support is offered in support of any of the objections.  The objections are briefly addressed below.

An officer may detain an individual in order to investigate matters reasonably relating to a traffic stop. *United States v. Sanchez,* 417 F.3d 971, 974-75 (8th Cir. 2005).  A brief detention for a dog sniff does not violate the Fourth Amendment when the officer has reasonable suspicion of criminal activity. *United States v. Linkous,* 285 F.3d 716, 720-21 (8th Cir. 2002).  In this case Bracamontes drove a recently purchased Crown Victoria, used a single ignition key, had out-of-state plates, did not have a driver's license, and he and his wife gave conflicting information about their trip.  Those factors, considered together, gave

---

[1]No citation to the record is included to indicate where this "finding" was made. The transcript shows a factual finding that Officer Hanson "went, this time, to the driver's side of the vehicle, opened the door to obtain the VIN . . . and then also talk with the passenger in the back."  (Tr, at 58-59.)  The Court cannot find any language indicating the issue that Bracamontes raises, and  this issue will not be addressed.

Officer Hanson reasonable suspicion to detain Bracamontes briefly for a dog sniff.[2]  *Id.* Returning paperwork within a reasonable time after the beginning of the stop is considered part of the stop rather than an illegal detention.  *United States v. Nassar,* 546 F.3d 569, 570 (8th Cir. 2008).  While Officer Hanson was preparing for the dog sniff, Bracamontes motioned for him in order to let him know about the cocaine in the car. The statement regarding the cocaine was "[n]ot only . . . voluntary, but . . . volunteered." *United States v. Hatten,* 68 F.3d 257, 262 (8th Cir. 1995) (statements during a traffic stop were "voluntary" and "volunteered" when the defendant initiated the exchange).

## CONCLUSION

For the reasons discussed, the Defendant's objections are overruled and the Report and Recommendation is adopted.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 37) is adopted in its entirety;

b. The Defendant's objections to the Report and Recommendation (Filing No. 41) are overruled;

3. The Defendant's motion to suppress (Filing No. 29) is denied.

DATED this 15th day of June, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[2] Officer Hanson had his dog with him; there was no delay in waiting for a K-9 handler.  Additionally, the dog sniff never actually occurred due to Bracamontes's volunteered statement that he had cocaine in the car.